IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT JENKINS and
RHONDA STEPHANIE ALEXANDROPOULOS,

        Plaintiff,

v.

BRUCE BURKEY, *et al.*,

        Defendants.

Case No. 16-792 JPG/SCW

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiffs Scott Jenkins and Rhonda Stephanie Alexandropoulos:

> **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability partnership. The citizenship of every investor counts. See, e.g., *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (limited partnership); *Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir.1998) (limited liability company); *Guaranty National Title Co. v. J.E.G. Associates,* 101 F.3d 57 (7th Cir.1996) (essential to trace the citizenship of investors through all levels, if, say, one LP invests in another). If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed. See, e.g., *Indiana Gas Co. v. Home Insurance Co.,* 141 F.3d 314, rehearing denied, 141 F.3d 320 (7th Cir.1998) (ordering a suit against an insuring syndicate at Lloyd's of London dismissed for this reason). But cf. *Hoagland v. Sandberg, Phoenix & von Gontard, P.C.,* 385 F.3d 737 (7th Cir.2004) (a "professional corporation" is a corporation even though it has many attributes of a partnership). *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011)

Plaintiffs list Joice Bass and Jennifer Hostetler as members of Lewis Roca Rothgerber LLP and their citizenship but do not state that these are the sole members of the LLP. Plaintiffs must allege each member of Lewis Roca Rothgerber LLP and their citizenship.

The Court hereby **ORDERS** plaintiffs Scott Jenkins and Rhonda Stephanie Alexandropoulos shall have up to and including August 22, 2016 to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiffs are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 8, 2016**

>*s/J. Phil Gilbert*
>**J. PHIL GILBERT**
>**DISTRICT JUDGE**