UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT JENKINS and RHONDA
STEPHANIE ALEXANDROPOULOS,

      Plaintiffs,

   v.

BRUCE BURKEY, TAYLOR LAW FIRM
PC, JOICE BASS, JENNIFER HOSTETLER
and LEWIS ROCA ROTHGERBER LLP,

      Defendant.

Case No. 16-cv-792-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Scott Jenkins's motion to reconsider (Doc. 54) the Court's June 14, 2017, order (Doc. 51) granting three motions to dismiss for lack of personal jurisdiction filed by defendants Jennifer Hostetler (Doc. 15), Lewis Roca Rothgerber LLP (n/k/a Lewis Roca Rothgerber Christie LLP; "LRRC") (Doc. 36), and Joice Bass (Doc. 39). He also seeks leave to amend his pleading to change allegations of his residency, to add new parties, and to add a new counts and legal theories. The defendants have responded to Jenkins's motion (Doc. 58), and Jenkins has replied to their response (Doc. 59).

In its June 14, 2017, order, the Court dismissed Bass, Hostetler and LRRC finding that their activities in connection with a prior lawsuit Jenkins filed against his daughters in Nevada (the "Nevada Lawsuit") did not subject them to the personal jurisdiction of this Court. Specifically, the Court found that in representing Jenkins's daughters, who are Illinois citizens, in the Nevada Lawsuit over ownership of a Nevada company, the defendants did not expressly aim their actions at the state of Illinois with the knowledge that they would cause harm here. *See Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d

440, 445 (7th Cir. 2010). This was true even though the Nevada company that was the subject of the Nevada Lawsuit owned two parcels of property in Illinois, and the defendants filed notices of *lis pendens* in Illinois indicating the Nevada Lawsuit might affect the title to or possession of the properties.

I.  **Motion to Reconsider**

The Court has not yet entered final judgment in this case, so Jenkins's request for reconsideration is governed by the law of the case doctrine. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007). Jenkins has not pointed to any compelling reason for reconsideration such as a manifest error or change in the law that renders the Court's prior ruling clearly erroneous.

Jenkins recognizes that, in making its jurisdictional ruling, the Court relied in part on the defendants' lack of knowledge that their conduct would cause harm in Illinois since Jenkins was

2

a Missouri citizen. Now Jenkins contends that he was at the relevant time a resident of Illinois rather than Missouri, suggesting that the defendants knew they would cause him harm *in Illinois*. Jenkins's current position is contrary to his allegations in the Second Amended Complaint that "[a]t all relevant times herein, Scott Jenkins and [Rhonda] Stephanie Alexandropoulos were, and still are residents of St. Louis County, Missouri," 2d Am. Compl. ¶ 1, and that the plaintiffs "at all times relevant herein were citizens of Missouri," 2d Am. Compl. ¶ 7. He claims that he could be a resident of either Illinois or Missouri because he has connections to both, so he now wants to change to Illinois in hopes of obtaining reconsideration of the Court's decision that it does not have personal jurisdiction over the defendants.

This is not the type of manifest Court error that warrants reconsideration of a ruling. Jenkins represented to the Court he was a resident and citizen of Missouri at all relevant times, and the Court made a decision based on those allegations. The Court will not now revisit that decision because Jenkins changed his mind about where he wants to claim residence.

None of the other arguments Jenkins sets forth in his motion for reconsideration point to any manifest error by the Court based on the record before it at the time of its decision or any change in the law since its ruling. Instead, Jenkins is essentially raising irrelevant issues, rehashing arguments he has already made, or asking the Court to consider in a sort of post-decision sur-reply brief new arguments based on information he has known for quite a while. The Court will not do this. Jenkins should have made his arguments in connection with the original briefing and has waived those arguments, at least in connection with the defendants' motion to dismiss, by failing to raise them at that time.[1]

---

[1] In rereading its June 14, 2017, order, the Court noted one typographical error it wishes to correct. In the first full paragraph on page 12, the Court stated it viewed the evidence in

3

**II.     Motion for Leave to Amend**

Jenkins asks the Court for leave to amend his Second Amended Complaint to add new allegations that he was an Illinois citizen at all relevant times, that the dismissed defendants committed fraud by recording the notices of *lis pendens* in Illinois, and that the dismissed defendants conspired with the remaining defendants in this case (Bruce Burkey and the Taylor Law Firm PC).  It also appears he wants to add two limited liability companies as plaintiffs and to assert a shareholder derivative action.  The Court cannot evaluate this request because Jenkins has not submitted a proposed amended pleading, with all new material underlined, as required by Local Rule 15.1.

The Court cautions Jenkins that if he amends his complaint to plead Illinois citizenship, complete diversity will not exist, that is, he would share Illinois citizenship with Burkey and the Taylor Law Firm.  The Court cannot exercise diversity jurisdiction unless there is complete diversity.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  If Jenkins is an Illinois citizen, the Court would be forced to dismiss this entire case for lack of subject matter jurisdiction.

The Court further notes that, despite state laws providing otherwise in some state small claims courts, federal rules require corporate parties such as a limited liability company to appear by counsel regardless of the amount in controversy or the size of the entity.  "[A] corporation may appear in the federal courts only through licensed counsel."  *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829 (1824)); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (stating that "corporations must appear by counsel or not at all").  This is true for limited liability companies as well.  *United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008).  If a limited

---

Hostetler's favor.  It did not.  It viewed the evidence in Jenkins's favor and should have so stated in that sentence.

liability company wishes to join as a plaintiff in this case, it may do so only through licensed counsel.

The Court further notes that the deadline for amending pleadings was March 22, 2017 (Doc. 28). This deadline has long passed and can be modified only for good cause. *See* Fed. R. Civ. P. 16(b)(4). Thus, if Jenkins seeks leave to file a specific amended pleading submitted to the Court, he must also show good cause for failing to amend by the deadline. This will be a difficult showing in light of the December 2017 Final Pretrial Conference and Trial dates quickly approaching.

### III. Motion to Extend Discovery

Jenkins mentions he would like to extend the time for discovery in this case, but his request is too vague and unsupported to justify granting it. He may reapply in a separate motion that sets forth exactly what deadlines he wants extended, by how much, and why.

### IV. Conclusion

For the foregoing reasons, the Court denies Jenkins' motion to reconsider, for leave to amend the complaint, and to extend discovery (Doc. 54).

**IT IS SO ORDERED.**
**DATED:  October 17, 2017**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**