UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT JENKINS and RHONDA
STEPHANIE ALEXANDROPOULOS,

    Plaintiffs,

  v.

BRUCE BURKEY, TAYLOR LAW FIRM
PC, JOICE BASS, JENNIFER HOSTETLER
and LEWIS ROCA ROTHGERBER LLP,

    Defendants.

Case No. 16-cv-792-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to reconsider filed by plaintiff Scott Jenkins (Doc. 94). Jenkins asks the Court to reconsider its May 2, 2018, order (Doc. 92) granting summary judgment for defendants Bruce Burkey and Taylor Law Offices, PC on the remaining claims in this case. The Court entered final judgment the same day (Doc. 93). Jenkins also asks the Court to reopen the case if necessary for the Court to consider his request for reconsideration.

It is not necessary to reopen the case for the Court to consider Jenkins' motion, so the Court declines that request.

The Court further clarifies that it will consider Jenkins' motion as a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) rather than as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Jenkins' 28-day period began to run the day judgment was entered on the docket sheet—May 2, 2018—and ended on May 30, 2018, 2 days before his motion was received and docketed by the Clerk's Office. He is not entitled to extend the 28 days by 3 extra days for service under Rule 6(d) because the 28-day period begins on *entry* of

judgment, not on its service. *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("We . . . conclude that Rule 6(d) . . . does not extend the deadline for Rule 59(e) motions."). Nor is he entitled to the benefit of the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), where his motion might be deemed filed the day he placed it in the mail; the mailbox rule applies only to incarcerated people. *See Clowdis v. Silverman*, 666 F. App'x 267, 271 n.3 (4th Cir. 2016); *Kareem v. F.D.I.C.*, 482 F. App'x 594, 595 (D.C. Cir. 2012). However, any motion for reconsideration filed after the 28-day deadline will be considered under Rule 60(b) rather than 59(e). *Williams*, 737 F.3d at 475.

This Rule 60(b) motion filed more than 28 days after entry of judgment does not toll the time period for filing a notice of appeal, *see* Fed. R. App. P. 4(a)(4)(A), and Jenkins has filed a timely notice of appeal 30 days after entry of judgment (Doc. 95), *see* Fed. R. App. P. 4(a)(1)(A). The Court retains jurisdiction to deny this Rule 60(b) motion while the case is on appeal, although it lacks jurisdiction to grant it without further action by the Court of Appeals. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (describing procedure where the district court is inclined to act on or grant a motion to reconsider while case is on appeal); *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). The briefing schedule for the pending Rule 60(b) motion will be governed by Local Rule 7.1(c).

Because this ruling may clarify jurisdictional issues in the Court of Appeals, the Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals for use in connection with Appeal No. 18-2222.

**IT IS SO ORDERED.**
**DATED: June 4, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**