UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT JENKINS and RHONDA
STEPHANIE ALEXANDROPOULOS,

    Plaintiffs,

v.

BRUCE BURKEY, TAYLOR LAW FIRM
PC, JOICE BASS, JENNIFER HOSTETLER
and LEWIS ROCA ROTHGERBER LLP,

    Defendants.

Case No. 16-cv-792-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to reconsider filed by plaintiff Scott Jenkins, which the Court construes as a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 94). Jenkins asks the Court to reconsider its May 2, 2018, order (Doc. 92) granting summary judgment for defendants Bruce Burkey and Taylor Law Offices, PC (collectively, the "Illinois defendants") on the claims that remained against them and its June 14, 2017, order (Doc. 51) dismissing all claims in this case against defendants Jennifer Hostetler, Lewis Roca Rothgerber Christie LLP, and Joice Bass (collectively, the "Nevada defendants") for lack of personal jurisdiction. The Court entered final judgment on May 2, 2018 (Doc. 93). The Illinois defendants (Doc. 104) and the Nevada defendants (Doc. 105) have responded to Jenkins' Rule 60(b) motion, and Jenkins has replied to those responses (Docs. 106 & 107).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special

circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Rather, it is a collateral attack on a judgment, and the grounds for that attack must be something other than an argument that could be used to obtain reversal on direct appeal. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

*Illinois Defendants*

As for the Illinois defendants, Jenkins takes issue with the Court's finding that the release in a May 2015 amendment to a September 2014 settlement agreement settling prior related litigation released all of Jenkins' claims against Burkey. Jenkins notes that the original September 2014 settlement agreement released only attorneys *of record* in the settled case (which did not include Burkey) and denies that the May 2015 amendment broadened the scope of the release despite its plain language to that effect. He claims the Court's "patent misunderstanding of the facts" justifies Rule 60(b) relief. In support of this argument, he restates the position he took on summary judgment, this time citing additional evidence that was available to him, but which he did not cite, at that time. Jenkins also repeats the argument from his summary judgment brief that the May 2015 amendment is void because the amendment,

prompted by a dispute over the sale of property in Illinois, was not drafted by an attorney licensed to practice in Illinois.

Jenkins has not pointed to any mistake attributable to special circumstances, only to his belief that the Court erred in its interpretation and application of the release in the May 2015 amendment. He calls this a "misunderstanding of the facts" by the Court, but in reality, it is simply a disagreement about what the facts in evidence show. And in his attempt to convince the Court to change its mind about what the evidence shows, he does nothing more than assert legal error that can be argued on appeal or rehash arguments he already made unsuccessfully using evidence he could have and should have cited the first time around. Nothing he says now, however, amounts to the kind of exceptional circumstances justifying the extraordinary relief of vacating the judgment.

*Nevada Defendants*

As for the Nevada defendants, Jenkins asserts that they breached the confidentiality agreement in the September 2014 settlement agreement by using that agreement to question Jenkins in his June 8, 2017, deposition in this case. They did so in an effort to show that the release in the settlement agreement provided them a defense in this case. Jenkins claims that such conduct gives the Court personal jurisdiction over the Nevada defendants because their conduct occurred in Illinois, where the deposition was conducted.

Again, Jenkins raises no exceptional circumstances warranting Rule 60(b) relief. The conduct to which he points—the June 8, 2017, disclosure of a confidential settlement agreement in an effort to enforce in this litigation the rights contained in that agreement—is irrelevant to whether the Court had personal jurisdiction over the Nevada defendants for the claims asserted in this lawsuit nearly a year before the deposition occurred. Additionally, Jenkins could have raised

that conduct in his June 26, 2017, motion for reconsideration of the Court's order of dismissal (Doc. 54), but he failed to do so. Other than that, Jenkins has pointed to nothing more than his belief that the Court erred in its personal jurisdiction ruling, a matter than can be adequately addressed on direct appeal.

For the foregoing reasons, the Court **DENIES** Jenkins' motion to vacate the judgment under Rule 60(b) (Doc. 94). The Court further **DIRECTS** the Clerk of Court to send this order to the Court of Appeals for its consideration in connection with Appeal No. 18-2222.

**IT IS SO ORDERED.**
**DATED: July 16, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**